UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 07-20076

YESENIA MUNGARRO,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE, DENYING DEFENDANT'S MOTION FOR JAIL CREDIT, AND DENYING DEFENDANT'S MOTION TO STAY RESTITUTION**

Defendant Yesenia Mungarro pleaded guilty to conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana, 21 U.S.C. § 841(a)(1). (ECF No. 592, Plea Agreement.) On August 1, 2019, Defendant was sentenced to thirty-six months imprisonment and was ordered to pay a $5,000 fine. (ECF No. 601, PageID.2306, 2310, Judgment.)

Defendant moves for early release due to the outbreak of the Coronavirus Disease (COVID-19). (ECF No. 603.) Defendant also moves to the court to credit against her federal sentence time served in a state sentence, and for a stay in restitution payments. (ECF Nos. 602, 604.) The court will address each motion in turn.

**I.  MOTION FOR EARLY RELEASE**

Defendant argues she is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the threat from COVID-19.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court

must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*,

2

Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

The court notes that Defendant has failed to exhaust her remedies. There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). That is not the case here. The BOP has not provided any endorsement or support for the current motion.

The First Step Act in 2018 created a second method for requesting compassionate release: Defendant can file a motion on her own. 18 U.S.C. § 3582(c)(1)(A). However, she may do so only "after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant has not made any allegations or presented any evidence that she exhausted her appeals within the BOP or that she waited thirty days after requesting compassionate release from the warden of her facility of detainment. *Id.* Although Defendant's arguments are unclear, she appears to claim that she does not need to comply with the exhaustion requirement due to "[the] emergency state in the prison system" and the fact that the BOP has considered releasing some inmates on home confinement. *See* Office of the Attorney General, Memorandum for Director of Bureau of Prisons: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (2020). (ECF No. 603, PageID.2315-16.)

The court will address the merits of Defendant's motion. Defendant has not presented "extraordinary and compelling" circumstances warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent," while "compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020); *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

In support of early release, Defendant makes threadbare allegations in a fill-in-the-blank motion. She includes no substantive analysis as to why any medical condition she has is so exceptional that the court must, in the interest of justice, release her into the general public, where, in fact, COVID-19 may be more prevalent. Centers for Disease Control and Prevention, *Cases in U.S.* (last visited April 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (detailing the varying levels of reported COVID-19 cases throughout the country). Defendant lists conditions such as diabetes, arthritis, and anxiety. (ECF No. 603, PageID.2316.) Defendant, however, is forty-three years old and her relatively moderate conditions are by no means out of the ordinary. *See, e.g.*, U.S. Centers for Disease Control and Prevention, National Diabetes Statistics Report 2020: Estimates of Diabetes and Its Burden in the United States 2 (2020) ("34.2 million people of all ages—or 10.5% of the US population—had diabetes."). (*Id.*) The court will not release Defendant simply

4

because she *may* contract COVID-19, and if she does, *may* experience more pronounced symptoms. Defendant's conditions cannot serve as a basis for the extraordinary remedy of compassionate release. Her motion will be denied.

## II.  MOTION TO CREDIT TIME SERVED

Defendant moves the court to credit time served for a "concurrent [state] sentence" beginning in September 2018 and ending in June 2019. (ECF No. 602, PageID.2313.) She provides no explanation as to what the prior state sentence was, whether it related to her marijuana distribution charge in federal court, or the extent to which the state sentence has already been credited against Defendant's federal sentence. Defendant also cites no binding caselaw or statute to support her position.

The Attorney General has authority to grant credit for time served prior to sentencing. Title 18 U.S.C. § 3585(b)(2) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."

However, "a district court does not have jurisdiction to apply credit against a sentence under [§] 3585(b)." *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (vacating a sentence when the district court credited time served); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

5

The court has no authority to grant credit for time served, even if the court were provided enough information to make an informed judgment, which it was not. Defendant's motion will be denied.

### III. MOTION FOR STAY IN RESTITUTION

Lastly, Defendant moves to stay payment of restitution. Defendant argues that the outbreak of COVID-19 has prevented her from receiving funds from her son and fiancé, who have lost work and had their hours cut. She also claims that any monetary amounts she currently has must be spent on hygiene items in order to prevent contraction of COVID-19.

First, Defendant cites no legal authority for her position. Federal Rule of Criminal Procedure 47(b) states that "[a] motion must state the grounds on which it is based." It is Defendant's obligation to come forward and present a legal argument in support of the relief she seeks. Rule 47(b) does not distinguish between represented parties and those proceeding *pro se*. "*Pro se* parties must still brief the issues advanced with some effort at developed argumentation." *King v. Hospital Corp. of Am.*, 381 Fed. App'x 577, 579 (6th Cir. 2010) (quoting *Coleman v. Shoney's Inc.*, 79 Fed. App'x 155, 157 (6th Cir. 2003)). It is not the court's responsibility to craft winning legal arguments for Defendant. Defendant's lack of analysis is fatal to her motion.

Second, the court has never ordered Defendant to pay restitution. (ECF No. 601, PageID.2310 (Judgment: "Restitution . . . None").) Defendant was ordered to pay a $100 assessment and a $5,000 criminal fine, with interest waived. (*Id.*) Defendant's motion requests relief that would not affect or improve Defendant's financial condition.

6

Third, upon Defendant's sentencing, a payment of $100 was due immediately. (*Id.*, PageID.2311 ("Lump sum payments of $100 due immediately.").) The balance of Defendant's fine is to be paid "during [her] term of supervised release." (*Id.*) Payments will "commence within 60 days after release from imprisonment." (*Id.*) The court is presented with no evidence of monetary obligations Defendant currently owes while incarcerated. If Defendant does have such obligations, the court cannot and will not speculate as to their character and whether the court has the legal authority to modify their payment schedules. *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (quoting *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) ("A district court may modify a defendant's sentence only as [specifically] provided by statute."); Fed. R. Crim. P. 47(b). Defendant's motion will be denied.

## IV. CONCLUSION

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). However, she does not have "extraordinary and compelling" circumstances warranting such relief. *Id.*

Defendant moves for the court to credit a separate state sentence as time served. The court lacks the legal authority to do so. *Westmoreland*, 974 F.2d at 737; *Crozier*, 259 F.3d at 520.

Finally, Defendant requests a stay in her restitution, despite not providing legal support, not owing restitution, and not owing payments for her criminal fine until after she is released from confinement. All three of Defendant's motions will be denied. Accordingly,

7

IT IS ORDERED that Defendant's "Motion to Reduce Sentence [U]nder [§] 3582(c)(1)(A)(i) and [for] Emergency Release" (ECF No. 603) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Jail Credit and Concurrent Sentence" (ECF No. 602) is DENIED.

Lastly, IT IS ORDERED that Defendant's "Motion to Stay Restitution" (ECF No. 604) is DENIED.

                                        s/Robert H. Cleland                /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner                     /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\07-20076.MUNGARRO.MotionsforEarlyReleaseCreditTimeServedandStayRestitution.RMK.RHC.docx