**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 07-20076

YESENIA MUNGARRO,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE**
**RELEASE**

Defendant Yesenia Mungarro pleaded guilty to conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana, 21 U.S.C. § 841(a)(1). (ECF No. 592.) On August 1, 2019, Defendant was sentenced to thirty-six months imprisonment and was ordered to pay a $5,000 fine. (ECF No. 601, PageID.2306, 2310.)

Defendant has filed a "Motion [for] Compassionate Release." (ECF No. 609.) She argues the risk to her health from the Coronavirus Disease ("COVID-19") justifies her immediate release. The government has filed a response and Defendant has replied. (ECF Nos. 615, 617.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1]   After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, 458 F. Supp. 3d 838, 845 (M.D. Tenn. 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

2

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *see also United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020).

Defendant cites serval medical conditions in favor of release. She states that she has "hypertension, obesity, hypermetropia, hyperglycemia, rheumatoid arthritis and prediabetes." (ECF No. 609, PageID.2339.) Medical records confirm diagnoses of hypermetropia, rheumatoid arthritis, and prediabetes. (ECF No. 616, PageID.2561.) Defendant's prior diagnosis of hyperglycemia is classified as resolved. (*Id.*, PageID.2562, 2542.) There is no evidence that Defendant has received a diagnosis of hypertension; her medical records make no mention of the condition. (*See* ECF No. 616.) With a height of 5'4'' and a weight of 209 lbs, she is considered obese. *Defining Adult Overweight and Obesity*, Centers for Disease Control and Prevention, https://www.cdc.gov/obesity/adult/defining.html (last visited Nov. 5, 2020). (ECF No. 610-2, PageID.249.)

Defendant does not fall within the "Medical Condition of the Defendant" category in § 1B1.13 of the Sentencing Guidelines. Defendant is not currently "suffering from a terminal illness." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(i). Nor is she "suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care . . . and from which [she] . . . is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). There is no indication that Defendant's condition is

deteriorating or that she is in a critical state. The Sentencing Commission's policy statement is not satisfied. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii).

Defendant's circumstances are also not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.).

Defendant is forty-three years old, and her medical conditions are not extreme, critical, or unusual. Obesity and overweight are common conditions; 42% of American adults are obese and 32% are overweight. *Prevalence of Obesity and Severe Obesity Among Adults: United States, 2017-2018*, Centers for Disease Control and Prevention, https://www.cdc.gov/nchs/products/databriefs/db360.htm (last visited Nov. 5, 2020); *See Obesity and Overweight*, Centers for Disease Control and Prevention, https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last visited Nov. 5, 2020). With monitoring and effective lifestyle changes, high body mass index ("BMI") can be improved, if not fully treated. *See Obesity*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/obesity/symptoms-causes/syc-

20375742 (last visited Nov. 5, 2020) ("The good news is that even modest weight loss can improve or prevent the health problems associated with obesity."); *Obesity: Treatments*, Stanford Health Care, https://stanfordhealthcare.org/medical-conditions/healthy-living/obesity/treatments.html (last visited Nov. 5, 2020) ("The best way to lose weight is to eat less and move more.").

Similarly, "[a]pproximately 88 million American adults–more than 1 in 3–have prediabetes." *Prediabetes – Your Chance to Prevent Type 2 Diabetes*, Centers for Disease Control and Prevention, https://www.cdc.gov/diabetes/basics/prediabetes.html (last visited Nov. 5, 2020). Prediabetes can be treated and successfully controlled. *Prediabetes*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/prediabetes/symptoms-causes/syc-20355278 (last visited Nov. 5, 2020) ("Eating healthy foods, making physical activity part of your daily routine and staying at a healthy weight can help bring your blood sugar level back to normal."); *Prediabetes*, American Diabetes Association, https://www.diabetes.org/diabetes-risk/prediabetes (last visited Nov. 5, 2020) ("If you discover that you do have prediabetes, remember that it doesn't mean you'll develop type 2 [diabetes], particularly if you follow a treatment plan and make changes to your lifestyle through food choices and physical activity.").

Although Defendant's rheumatoid arthritis and hypermetropia (blurred vision) can cause pain and serious discomfort, the conditions are not immediately life-threatening and do not rise to the level of extraordinary and compelling conditions sufficient to justify compassionate release.

The outbreak of COVID-19 does not alter this analysis. Defendant is incarcerated at FMC Carswell. While around 500 prisoners have tested positive for the

disease over the past eight months, the extent of the outbreak has lessened. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 5, 2020). There are now eight active cases. *Id.*

The BOP has taken countermeasures to mitigate the spread of COVID-19. For instance, all newly arriving inmates are tested and placed in quarantine. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Nov. 5, 2020). Prisoners cannot leave quarantine until they test negative. *Id.* Symptomatic inmates are isolated, tested, and treated. *Id.*; Federal Bureau of Prisons, U.S. Department of Justice, *Correcting Myths and Misinformation About BOP and COVID-19* (2020).

While in prison, Defendant receives monitoring and treatment. (*See* ECF No. 616, PageID.2552-54 (reciting numerous medical examinations and testing Defendant received in 2020).) The court has few assurances as to Defendant's access to quality healthcare if released. COVID-19 will remain a risk, and potentially a substantial one depending on Defendant's actions. *See How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Nov. 5, 2020) (detailing actions recommended to mitigate the risk of contracting COVID-19). This is significant given Defendant's history of risk-taking and non-compliance with rules. Over two months in 2006, Defendant helped illegally traffic over 100 kilograms of marijuana. (ECF No. 592, PageID.2246-47.) After she was federally charged, she fled the county while on bond. (ECF No. 615, PageID.2501-02.)

Most significantly, Defendant contracted COVID-19 in July 2020 and successfully recovered. (ECF No. 616, PageID.2527-28.) She did not experience serious or life-threatening symptoms. (*Id.*, PageID.2527-28, 2552.) While there are sporadic reports of isolated reinfections, there are no reports or scientific evidence that reinfection is common or at all likely.[2] *See The Latest: Australia Reports Rare Case of Reinfection*, Associate Press, https://apnews.com/article/virus-outbreak-australia-victoria-melbourne-asia-pacific-d9415e62d992ea924ac599cbe7b5a213 (last visited Nov. 5, 2020); *Reinfection with COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Nov. 5, 2020) ("Cases of reinfection with COVID-19 have been reported, but remain rare.").

To release Defendant, the court would need to speculate as to whether she can contract COVID-19 again, whether she will be reinfected at FMC Carswell despite BOP precautions, whether she will develop serious symptoms, and whether her heath, and access to quality healthcare, will improve upon release. The court is not convinced the extraordinary remedy of compassionate release is warranted. Accordingly,

IT IS ORDERED that Defendant's "Motion [for] Compassionate Release" (ECF No. 609) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2020

---

[2]    Defendant asserts she has "contracted the virus multiple times." (ECF No. 609, PageID.2338.) No evidence is cited to support the claim. Her medical records state that she tested positive for COVID-19 once in July 2020 and successfully recovered. (ECF No. 616, PageID.2562.)

7

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2020, by electronic and/or ordinary mail.

<div style="margin-left: auto; text-align: left;">

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

</div>

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\07-20076.MUNGARRO.MotionforCompassionateRelease.RMK.docx